DUCKER, JUDGE:
Claimants, John L. Beckett and Betty A. Beckett, husband and wife, allege damages to their Chevrolet automobile in the amount of $704.35 resulting from a collision at about 2:55 p.m. on June 18, 1971, on Interstate Highway 77 at the bridge over the State Route *108 47 in Wood County, West Virginia, when claimant, Betty A. Beckett, was driving claimant’s automobile southerly on 1-77. She approached the northerly end of the highway bridge over Route 47 and being directed by warning cones and a one-lane traffic signal, she crossed over into the left or passing lane at the bridge and crashed into the rear of an automobile driven by one, Robert L. Gunnoe, causing the damage claimed by her to her car.
From the evidence the following facts appear. Claimant had come on 1-77 and proceeded southerly in the right lane of the southbound portion of 1-77 at a speed of approximately 70 miles an hour toward the bridge over State Route 47. A crew of the respondent was engaged in washing that bridge as well as the bridge just south of and very close to the bridge over Route 47. The bridge at the place of the accident could be seen from a point northerly thereof a distance of approximately 500 feet, although there was a gradual dip in the road as one approached the bridge. Claimant was directed by a warning sign “one lane traffic ahead” eight or nine hundred feet north of the bridge and by warning cones to take the left hand or passing lane over the bridge. She obeyed the warning signs, but immediately after she entered the left hand lane, she drove her car into the back of the Gunnoe car which had been stopped by a flagman who was directing one way traffic because of the respondent’s employees washing the roadway of the bridge. There is some conflict in the testimony as to what signs the respondent had posted warning of the one-way traffic. Respondent’s witness said three signs, namely, “single lane ahead”, “men working” and “flagman ahead” had been placed on the road about 200 feet apart, but that after the accident only the first sign, namely, “one lane ahead” remained standing, the others having been blown or knocked down. Apparently the cone markers guiding traffic into the left lane remained standing, and apparently the one sign and the cones caused claimant to enter the.left hand or passing lane. Claimant says that the dip in the road prevented her from seeing the cones in time to avoid striking the stopped car of Gunnoe. She further testified that the Gunnoe car had gone around her before being stopped. Pictures of the road and the bridge were introduced by claimant, and from these pictures it seems clear to the Court that 1-77 is a well graded road as you approach the bridge in question, although there is a rather long stretch which reaches a lower level but which could not, in our opinion, be considered a “dip” as constituting a hazard to driving. Claimant asserts that she had to choose between *109 striking the Gunnoe car or striking respondent’s workmen in the right lane. The exercise of that option is not the cause of the accident, the cause being the facts which put claimant in such a position. Claimant traveled the highway in question daily and could not have been deceived by the alleged dip in the road, and she was fully warned of one way traffic by the first sign, which was not substantially contradicted, as being 700 or 800 feet north of the bridge.
Considering all of the facts, we can only conclude that the accident was one which would not have occurred if the claimant had been exercising ordinary care in the operation of her automobile, and that the lack of such care was contributory negligence on her part, if not the proximate cause of collision, and that any alleged negligence on the part of the respondent was not the sole cause of the damages suffered by claimant. Accordingly, this claim is disallowed.
Claim disallowed.